IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL NO. 08-00444 SOM/KSC |
| | ) | CRIMINAL NO. 99-0107 SOM |
| Plaintiff, | ) | |
| | ) | ORDER DENYING (1) DEFENDANT'S |
| vs. | ) | PETITION FOR AUDITA QUERELA, |
| | ) | (2) DEFENDANT'S APPLICATION |
| CHRISTOPHER JOSE CISNEROS, | ) | FOR ENTRY OF JUDGMENT ON A |
| | ) | SEPARATE DOCUMENT, AND (3) |
| Defendant. | ) | MOTIONS FOR RECONSIDERATION |
| | ) | AND ALTERATION OF JUDGMENT |
| | ) | AND FOR LEAVE TO AMEND § 2255 |
| _____ | ) | MOTION. |

ORDER DENYING (1) DEFENDANT'S PETITION FOR AUDITA QUERELA, (2) DEFENDANT'S APPLICATION FOR ENTRY OF JUDGMENT ON A SEPARATE DOCUMENT, AND (3) MOTIONS FOR RECONSIDERATION AND ALTERATION OF JUDGMENT AND FOR LEAVE TO AMEND § 2255 MOTION.

I.    INTRODUCTION.

Having been convicted of a felony drug crime, Defendant Cisneros was sentenced to mandatory life imprisonment under 21 U.S.C. § 841(b)(1)(A), given his two prior convictions for felony drug offenses. His appeal and subsequent 28 U.S.C. § 2255 petition were denied.

Years later, he brings several challenges to his life sentence.

1) He petitions for a writ of audita querela, relying on the recent Supreme Court ruling in Burgess v. United States, 128 S. Ct. 1572 (2008).

2) He moves for entry of judgment on a separate document.

3) He moves for reconsideration and alteration of the judgment, and for leave to amend his § 2255 petition, claiming that the court's failure to enter judgment on a separate document at the time his § 2255 petition was denied holds open the period in which he may challenge the judgment.

All of the aforementioned motions are DENIED.

II.     BACKGROUND.

On August 19, 1999, Cisneros was convicted of one count of possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The government filed a 21 U.S.C. § 851 notice, noting Cisneros's two prior felony drug convictions and noting that life imprisonment was required. Pursuant to 21 U.S.C. § 841(b)(1)(A) and § 851, this court sentenced Cisneros to a mandatory life sentence.

Cisneros filed a direct appeal, and, on February 22, 2001, the Ninth Circuit affirmed the judgment of this court. On September 25, 2002, Defendant filed a 28 U.S.C. § 2255 petition, which this court denied on October 29, 2002. Cisneros then filed a Notice of Appeal and requested a Certificate of Appealability, pursuant to 28 U.S.C. § 2255 and § 2253. The Certificate of Appealability was denied by this court and the Ninth Circuit. The Ninth Circuit then dismissed the § 2255 appeal as procedurally barred.

III.     WRIT OF AUDITA QUERELA.

Cisneros asserts that, as a result of the recent Supreme Court decision in Burgess, he has a new legal defense to his sentence. He argues that he is entitled to a writ of audita querela. This court disagrees, holding that no new legal theory is available that permits Cisneros to challenge his sentence. The petition for a writ of audita querela is therefore denied.

The All Writs Act, 28 U.S.C. § 1651, authorizes federal courts to issue all writs necessary to aid them in the application of legal principles. The Supreme Court in United States v. Morgan, 346 U.S. 502 (1954), preserved the issuance of writs in the criminal context after final judgement had been entered and statutory rights of review had been waived or exhausted. The Court characterized this practice as an "extraordinary remedy only under circumstances compelling such action to achieve justice." Id. at 511.

Cisneros now pursues this extraordinary remedy. He seeks to challenge his sentence with a writ of audita querela, "a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007). The Ninth Circuit has established that audita querela "provides relief from the consequences of a conviction when a defense or

3

discharge arises subsequent to entry of the final judgment." Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997)(citing United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992)).  However, for the writ to issue, there must be "a legal defect" in the conviction or the sentence, rather than a balancing of equities.  Id.

This writ is intended to fill gaps in the postconviction landscape not covered by 28 U.S.C. § 2255. As a result, a writ of audita querela must not merely substitute for an otherwise barred § 2255 motion.  "[A] federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies." United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001).  The Ninth Circuit has further held that "the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs." Carrington, 503 F.3d at 890.

Cisneros has already challenged his sentence under 28 U.S.C. § 2255.  If he were to pursue this challenge as a habeas petition, he would have to have a successive motion certified as provided by § 2244, citing either newly discovered evidence or a new rule of constitutional law, made retroactive on collateral review.  28 U.S.C. § 2255 (1996).  Cisneros alleges no new

4

evidence, but he posits that Burgess is a new rule that applies to his situation.

The rule announced in Burgess would not satisfy the requirements for a successive habeas petition, however. New rules of law are applied retroactively only when they place certain conduct beyond the reach of criminal law, or when they are determined to be "watershed rules of criminal procedure." Teague v. Lane, 489 U.S. 288, 311 (U.S. 1989). "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." Id. at 301.

The rule announced in Burgess does not deal with primary conduct, but rather with a statutory definition, and it does not impose any new obligations on the Government. It thus fails to "implicat[e] the fundamental fairness and accuracy of the criminal proceeding." Butler v. Curry, 528 F.3d 624, 633 (9th Cir. 2008)(citing Saffle v. Parks, 494 U.S. 484, 495 (1990)). The Ninth Circuit has noted that "incremental change in the law . . . simply is not the type of unforeseen contingency which warrants recall of the mandate to permit yet another round of appellate review." Carrington, 503 F.3d at 890 (citations omitted). The clarification in Burgess, which holds that the federal definition of "felony drug offense" is not modified by a state categorization, is hardly an unforeseen contingency. Burgess merely confirms that federal law controls the application

of the federal mandate, as the lower courts have held.  See United States v. Burgess, 478 F.3d 658 (4th Cir. 2007).  As a result, the rule announced in Burgess is not retroactive and does not provide a ground for a successive motion under 28 U.S.C. § 2255.

A writ of audita querela cannot be a mere attempt to side-step the § 2255 framework.  Rather, it must be grounded in a new legal theory not previously available to the petitioner.  Cisneros fails to raise any new defense or legal defect in his conviction.

Cisneros had a prior conviction for violating California Health & Safety Code § 11351.  That crime meets the federal definition of a felony drug offense, as it provides for imprisonment in the state prison for two, three, or four years.  The rule announced in Burgess would not have changed this categorization or allowed Cisneros to avoid a mandatory life sentence.

In fact, unlike the defendant's offense in Burgess, this crime was characterized as a felony under state law, so that there was no conflict to resolve with regards to which definition applied.  The only defense Cisneros raises is that he was sentenced under California Penal Code § 18 to an alternate sentence in the county jail for less than one year.  He argues that this leniency shown by the sentencing judge indicates that

6


his crime was not a felony. It does not, however, change the fact that the crime was originally punishable by more than one year in prison, and so meets the federal definition of a felony. Cisneros's argument simply is not sanctioned by the recent ruling in <u>Burgess</u>. He therefore lacks a new, post-conviction legal theory that gives him standing to obtain a writ of audita querela.

The petition is accordingly DENIED.

IV.  APPLICATION FOR ENTRY OF JUDGMENT ON A SEPARATE DOCUMENT.

Subject to certain exceptions not applicable here, Rule 58 of the Federal Rules of Civil Procedure provides that "every judgment and amended judgment must be set out in a separate document." The Supreme Court has held that the requirements of Rule 58 "must be mechanically applied in order to avoid new uncertainties as to the date in which judgment is entered." <u>United States v. Indrelunas</u>, 411 U.S. 216, 222 (1973)(per curiam).

Accordingly, the Ninth Circuit has "held fast to a mechanical application of the 'separate judgment' rule, requiring all formalities to be observed." <u>McCalden v. California Library Ass'n.</u>, 955 F.2d 1214, 1218 (9th Cir. 1990); <u>see</u> <u>Hard v. Burlington Northern R. Co.</u>, 870 F.2d 1454, 1457-1458 (9th Cir. 1989) (holding that a district court order denying an appellant's

motion for a new trial was not a separate document because the order was contained in the last sentence of a nine-page memorandum).

The strict interpretation of entry of judgment under Rule 58 is intended "to avoid the uncertainties that once plagued the determination of when an appeal must be brought." Bankers Trust Co. v. Mallis, 435 US 381, 386 (1978).  Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from."

Cisneros maintains that the court's failure to enter judgment in a separate order when denying his habeas petition leaves open the time period in which he may challenge the judgment.  Indeed, until 2002, the Ninth Circuit maintained that "[a] judgment or order is not entered within the meaning of Rule 4(a) unless it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure . . . .  Absent compliance with these requirements a party will not ordinarily be found to have exceeded any of the time periods set forth in Fed. R. App. P. 4(a)." Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir. 1987) (citations and quotations omitted); see also Allah v. Superior Court of State of Cal., 871 F.2d 887, 890 (9th Cir. 1989) ("The period for filing a notice of appeal begins upon

"entry" of the judgment or order appealed from.") (citations omitted). While an appellant could bring an appeal as soon as all claims were dismissed, the 30-day limit during which an appeal was permissible was never reached. McCalden, 955 F.2d at 1218.

However, in 2002, just a little over a month after this court denied Cisneros's § 2255 petition, an amendment to Rule 4(a)(7)(A) of the Federal Rules of Appellate Procedure took effect, foreclosing the possibility of a never-ending time to appeal. The amendment was intended to ensure that "parties will not be given forever to appeal (or to bring a postjudgment motion) when a court fails to set forth a judgment or order on a separate document in violation of Fed. R. Civ. P. 58(a)(1)." Fed. R. App. P. 4, advisory comm. note to 2002 Amends.; see also Fed. R. Civ. P. 58, advisory comm. note to 2002 Amends.

The new rule provides that a judgment is deemed entered either when set forth in a separate document, or when "150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a)." Fed. R. App. P. 4(a)(7)(A)(ii). The same language was added to Rule 58(b)(2) of the Federal Rules of Civil Procedure. Now, even without a separate document, an appealable final order is considered entered, at the latest, when 150 days have run from the time the

9

final order is docketed. Under Rule 4(a)(7)(A) of the Federal Rules of Appellate Procedure, an appellant must then file a notice of appeal within 30 days after the end of that 150-day period. Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc., 476 F.3d 701, 704 (9th Cir. 2007).

The Ninth Circuit has considered and rejected post-2002 claims to an indefinite period of time within which to file an appeal. "The argument is no longer available. The rules plainly provide that judgment is entered when it is set forth on a separate document or when 150 days have run, whichever is earlier." Id. (citing Fed. R. App. P. 4(a)(7)(A)(ii); Fed. R. Civ. P. 58(b)(2)).

To the extent Cisneros maintains that an application of the amended rule to his case would violate ex post facto principles, this court notes that it is not necessary to run the 150-day clock from the time his order was docketed. Even running the clock from the day the rule went into effect in 2002, Cisneros would still be foreclosed from bringing an appeal today. It is simply not possible to assert that his time frame for bringing an appeal remains open indefinitely, in light of the amendment to the rule, as the rule was amended to prevent precisely such a scenario. See Fed. R. App. P. 4, advisory comm. note to 2002 Amends.; see also Fed. R. Civ. P. 58, advisory comm.

10

note to 2002 Amends..

Nor was Cisneros foreclosed from bringing an appeal earlier, just because his judgment was technically not entered. Cisneros actually filed both an appeal and a habeas petition, which were addressed by this court and the Ninth Circuit.

The Petition for Entry of Judgment in a Separate Document is DENIED.

V.  MOTIONS FOR RECONSIDERATION AND ALTERATION OF JUDGMENT AND FOR LEAVE TO AMEND § 2255 PETITION.

In light of the forgoing discussion demonstrating that judgment was entered for purposes of an appeal or a post-judgment motion more than five years ago, the Motion for Reconsideration and Alteration of Judgment is time-barred.  Rule 59(e) of the Federal Rules of Civil Procedure provides that motions to alter or amend a judgment must be filed no later than ten days after entry of the judgment.  That time has elapsed.  The motion to reconsider and alter the judgment is DENIED.  Nor does Cisneros establish a right to relief under Rule 60(b) of the Federal Rules of Civil Procedure, which provides six grounds for relief from a judgment, three of which must be raised within a year from when a judgment or order is final and so are time-barred.  Two grounds that do not have a time bar are inapplicable (fraud and the voidness of a judgment).  That leaves only Rule 60(b)(6), which provides for relief from a judgment for "any other reason that

11

justifies relief."  As noted earlier, <u>Burgess</u> does not justify relief here.

Cisneros also petitions the court for leave to amend his § 2255 motion, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  However, Rule 15(a) governs amendments to complaints, not amendments to a § 2255 petition.  Cisneros does not meet the requirements for a successive habeas petition or a writ of audita querela.  The motion for leave to amend his § 2255 petition is therefore DENIED.

VI.     <u>CONCLUSION.</u>

1) The writ of audita querela is DENIED.

2) The Application for Entry of Judgment on a Separate Document is DENIED.

3) The motions for reconsideration and alteration of judgment, and for leave to amend Cisneros's § 2255 petition are DENIED.

The Clerk of Court is directed to enter judgment consistent with this order and to close this case.

IT IS SO ORDERED.


DATED: Honolulu, Hawaii, October 29, 2008.



           /s/ Susan Oki Mollway

           Susan Oki Mollway

           United States District Judge


UNITED STATES OF AMERICA V. JOSE CISNEROS, Civil No. 08-00444 SOM/KSC, Criminal No. 99-0107; ORDER DENYING (1) DEFENDANT'S PETITION FOR AUDITA QUERELA, (2) DEFENDANT'S APPLICATION FOR ENTRY OF JUDGMENT ON A SEPARATE DOCUMENT, AND (3) MOTIONS FOR RECONSIDERATION AND ALTERATION OF JUDGMENT AND FOR LEAVE TO AMEND § 2255 MOTION.